UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-22303-Civ-TORRES

PEDRO GARCIA,

      Plaintiff,

v.

RAMBO SECURITY PATROL, INC.,
a Florida Corporation, and PEDRO H.
HUEZO, SR., individually,

      Defendants.
_____/

**ORDER GRANTING MOTION TO ENFORCE SETTLEMENT;
VACATING ORDER OF DISMISSAL;
<u>ENTERING FINAL JUDGMENT FOR PLAINTIFF</u>**

This matter is before the Court on Plaintiff's second motion filed to enforce the parties' settlement agreement that resolved this case, specifically Plaintiff's Motion for Sanctions and Order to Show Cause [D.E. 33]. The Court had earlier granted an initial motion to enforce the parties' settlement [D.E. 32] that sought an Order to compel Defendant to comply with the outstanding obligations under the parties' agreement. Following entry of that Order on January 26, 2010, Defendants did not respond, did not cure the unpaid amounts due under the parties' agreement, and since have not made the additional payments required under the agreement. The pending motion was then filed on February 11, 2010, seeking additional relief to enforce the parties' agreement. The Court that same date issued an Order expediting a response to the

motion, requiring Defendants to respond by February 19, 2010 [D.E. 34]. Defendants have not complied with that Order as well, nor has Defendant's counsel responded in any way to the Court's Orders. Accordingly, the pending motion for sanctions is now ripe for adjudication.

     1.    The Court finds, based upon the existing record and the absence of any opposition to the original motion to enforce or the pending motion for sanctions, that payment obligations due under the parties' mediated settlement agreement have not been made since October, 2009.

     2.    Under the parties' agreement entered into on March 30, 2009, which settled the case for the global amount of $8,400, Defendants were obligated to satisfy that sum through monthly installment payments of $400.00 over twenty-one months. The parties agreed to enter into a general release, a confidentiality agreement, and as well as a no re-hire provision. Finally, the parties stipulated to have the Court enforce the terms of the parties' agreement.

     3.    Timely payments were made under the agreement through October 2009, but beginning in November no further payments were made. Moreover, no payment was made for the months of December, January, or February. Defendants have thus breached the contractual obligation to make timely payments under the parties' agreement.

     4.    The Court's authority to enforce a settlement agreement is well established:

> Under federal law, a district court has "inherent power to summarily enforce settlement agreements entered into by

> parties litigant in a pending case." *Cia Anon Venezolana de Navegacion v. Harris,* 374 F.2d 33, 36 (5th Cir. 1967). To that end, it is clear that the district court may hold an evidentiary hearing and make factual determinations. *Id.* "[T]he right to have a jury determine issues of fact turns essentially on whether the claim to which those issues relate is legal or equitable." *Hensley v. E.R. Carpenter Co., Inc.,* 633 F.2d 1106, 1110 n. 5 (5th Cir. Unit A 1980). "The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.,* 876 F.2d 702, 709 (9th Cir. 1989); *see also [Blum v. Morgan Guar. Trust Co.,* 709 F.2d 1463, 1467 (11th Cir. 1983)] (referring to an order enforcing a settlement agreement as "the remedy of specific performance"). A claim for specific performance is an equitable action. *Hensley,* 633 F.2d at 1110 n. 5. "This is so even if the party resisting specific enforcement disputes the formation of the contract." *Adams,* 876 F.2d at 709-10. Purely equitable claims, even those involving factual disputes, are matters to be resolved by the court rather than a jury. *Hensley,* 633 F.2d at 1110 n.5.

*Ford v. Citizens & So. Nat'l Bank,* 928 F.2d 1118, 1121-22 (11th Cir. 1991).

    5.    In this case, Plaintiff is seeking to have the Court specifically enforce the parties' contract, which the Court can do summarily and without a jury. No genuine issue of fact has been raised as to the parties' full and complete agreement to this settlement or to Plaintiff's right to proceed to enforce the agreement. Nor has any factual dispute been raised as to the failure to make payments under the agreement beginning in November 2009 through this date.

    6.    In enforcing the parties' agreement, the Court is bound to follow Florida law, where the agreement was entered into in Florida to settle the litigation that had been pending in this jurisdiction. Under Florida law, when parties enter into a settlement agreement to resolve litigation, their rights and duties merged into that

agreement and its provisions became binding on the parties and the trial court. *See M & C Associates v. State, Dept. of Transp.,* 682 So. 2d 640 (Fla. 2nd DCA 1996) (citing *J. Allen, Inc. v. Castle Floor Covering, Inc.,* 543 So. 2d 249 (Fla. 2d DCA 1989)).

    7.    However, the Court's power to enforce the terms of a settlement agreement is circumscribed by the express terms of that agreement. Thus, if a party is claiming a breach of the agreement and is seeking general damages not specified in the agreement, the appropriate remedy under Florida law would be to file a separate lawsuit. *See Paulucci v. General Dynamics Corp.,* 842 So. 2d 797, 803 (Fla. 2003). For that reason, an order enforcing a settlement agreement must conform with the terms of the agreement and may not impose terms that were not included in the agreement. *Johnson v. Bezner,* 910 So. 2d 398, 401 (Fla. 4th DCA 2005); *see, e.g., Spiegel v. H. Allen Holmes, Inc.,* 834 So. 2d 295, 297-98 (Fla. 4th DCA 2003) ("We reverse the order, however, to the extent that it failed to mirror the terms of the actual settlement agreement. . . . We therefore reverse the order as written and remand the case for entry of an order that directs the parties to comply with the terms of the settlement agreement."); *Sinclair v. Clay Elec. Co-op., Inc.,* 584 So. 2d 1065, 1066 (Fla. 5th DCA 1991) (error to include in an order enforcing settlement agreement terms and conditions not included in the agreement).

    8.    In this case, Plaintiff could file a separate independent action in state court to recover general contract damages that may flow from Defendants' breach of this settlement agreement. Plaintiff has opted to seek immediate relief from this Court to enforce the agreement. Under Florida law, therefore, we can only do that which the

agreement itself provides. Our review of the agreement shows that the parties did not consent to any particular enforcement mechanism beyond general retention of jurisdiction. The agreement did not include an agreement for attorney's fees in the event of a breach, nor did it include an acceleration clause or liquidated damages provision in the event of a breach. Hence, though we were initially inclined to summarily enter judgment for the entire remaining balance owed under the agreement and award attorneys' fees, in hindsight we cannot grant that form of relief as we are limited to the strict terms of the agreement itself in this proceeding.[1] We have found no authority permitting a court to accelerate payments due under a settlement agreement without the parties' express adoption of such a remedy in the body of the agreement.

8.     We can, however, enforce the agreement through a final judgment in Plaintiff's favor for the monies due and owing that have not been paid to date. The entry of a money judgment is the appropriate manner, absent a specific remedy agreed upon by the parties, to enforce a settlement agreement requiring the payment of money. The power of a trial court to enter such a judgment has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation. *See Massachusetts Casualty Ins. Co. v. Forman,* 469 F.2d 259, 261 (5th Cir. 1972) *D. H. Overmyer Co. v. Loflin,* 440 F.2d 1213, 1215 (5th Cir. 1971). Such a judgment is in the nature of a judgment by consent, authorized under the trial court's

---

[1] Plaintiff has the option going forward, of course, to seek greater relief in state court to recover general damages as well as attorneys' fees in the event the default is not timely cured. *See* Fla. Stat. § 768.79.

"inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Cia Anon Venezolana De Navegacion v. Harris,* 374 F.2d at 36; *see also Massachusetts Casualty v. Forman,* 469 F.2d at 260.

9. The Court will, therefore, vacate its prior Order of Dismissal and enter Final Judgment in Plaintiff's favor against both named Defendants, for the amount of $1,200.00.[2] The Court will further retain jurisdiction over the action, based upon the parties' agreement, to enforce the remaining obligations due under that agreement, for which Plaintiff may choose to seek an amended judgment if necessary.

10. The Court will further grant the motion to enforce by expressly Ordering Defendants to make timely payments under the parties' agreement going forward. Defendants must comply with their settlement obligations. Defendants' next payment is due for the month of March 2010 and thereafter up until the total settlement amount of $8,400.00 is paid. The failure to do so may result in additional judgments against them or other appropriate relief, either through this jurisdiction or by a separate

---

[2] We exercise our discretion to do so under Fed. R. Civ. P. 60(b) in order to enforce the Court's agreed upon jurisdiction to enforce the parties' agreement. We add as well that the earlier Order of Dismissal was deficient as it did not comply with the Court's obligations under *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982). When the parties failed to timely file their stipulated dismissal, the Court entered sua sponte its Order of Dismissal with Prejudice based upon the mediator's report. As this is a FLSA case, that Order was premature and another sanction, if necessary, should have been entered for the parties' failure to comply with the Court's Order. The Court vacates its Order for this reason as well under Rule 60(b). Accordingly, the Court finds that the parties' mediated settlement agreement was indeed fair and reasonable under the FLSA, warranting the Court's approval. That finding now having been made, and given the breach of the settlement agreement, the Court will properly dispose of the case through the entry of this Final Judgment.

enforcement action filed in state court.[3]

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED**:

A. Plaintiff's Motion for Sanctions and Order to Show Cause [D.E. 33] is **GRANTED IN PART**. The Motion for Sanctions is granted to the extent it seeks enforcement of the parties' mediated settlement agreement. The Motion for Order to Show Cause is denied.

B. The Court's Final Order Dismissing Case [D.E. 29] is **VACATED**.

C. **FINAL JUDGMENT** is entered in favor of Plaintiff Pedro Garcia, and against Defendants Rambo Security Patrol, Inc., a Florida corp., and Pedro H. Huezo, Sr., in the amount of ONE THOUSAND TWO HUNDRED DOLLARS ($1,200.00), together with post-judgment interest at a rate of .34% per annum from the date of this Judgment. This Final Judgment incorporates all terms and provisions of the parties' mediated settlement agreement. Accordingly, the Court retains jurisdiction to enforce

---

[3] We note here that the Court's power to enforce the settlement agreement or the Court's earlier Order does not include the power of contempt, as Plaintiff's motion suggested. *See, e.g., Americans with Disability Ass'n, Inc. v. Chmielarz,* 289 F.3d 1315, 1321 (11th Cir. 2002); *Combs v. Ryan Coal Co., Inc.,* 785 F.2d 970, 980 (11th Cir. 1986) ("It is equally clear that when a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt."); *Saber v. FinanceAmerica Credit Corp.,* 843 F.2d 697, 702-03 (3rd Cir. 1988) ("A settlement agreement is a contract, and an order enforcing a contract is ordinarily described as an order for specific performance. "[T]he remedy of specific performance is, generally speaking, dispositive of the substantive rights of the parties. . . . The fact that a specific date for compliance is attached to an order for specific performance of the settlement agreement does not by itself transform the enforcement order into a mandatory injunction. Nor is the specific performance order made an injunction merely by inclusion of an order to pay money. The district court ordered the payment of money in response to the alleged settlement of a traditional claim for damages in tort. An award of monetary compensation is a legal remedy and is not transformed into an injunctive remedy merely by a district court's imposition of a time limit on the defendants' obligation to pay.").

the remaining terms and provisions of the agreement. Furthermore, the entry of this Final Judgment does not preclude the entry of additional or amended judgments in the event that further enforcement proceedings are necessary in connection with the parties' mediated settlement agreement.

    D.    In all other respects, the case remains CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of March, 2010.

                                EDWIN G. TORRES
                                United States Magistrate Judge